IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC SWARTZ | § | |
|         Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:19-cv-00889 |
| TEXTRON GROUND SUPPORT | § | |
| EQUIPMENT INC. f/k/a TUG | § | |
| TECHNOLOGIES CORP. | § | |
|         Defendant. | § | |

## INDEX OF EXHIBITS
## TO NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. § 1441 (b) AND JURY DEMAND

1. Certified copy of Plaintiff's Original Petition filed February 15, 2019;

2. Certified copy of Citation issued February 15, 2019;

3. Certified copy of proof of service via certified mail;

4. Docket sheet for Cause No. 2019-11864, printed on March 4, 2019;

5. List of Counsel of Record; and

6. Affidavit of Ann Willaman.

2/15/2019 4:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31252053
By: Nelson Cuero
Filed: 2/15/2019 3:28 PM

**2019-11864 / Court: 129**

CAUSE NO. _____

| | | |
|---|---|---|
| **ERIC SWARTZ** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **TEXTRON GROUND SUPPORT** | § | |
| **EQUIPMENT INC. f/k/a TUG** | § | |
| **TECHNOLOGIES CORP.** | § | |
| *Defendant* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff ERIC SWARTZ ("Plaintiff") who files this Original Petition complaining of Defendant TEXTRON GROUND SUPPORT EQUIPMENT INC. f/k/a TUG TECHNOLOGIES CORP. ("Defendant"), and for cause of action would show the following:

### I. DISCOVERY PLAN

1. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs allege this lawsuit is intended to be conducted under a Level 3 Discovery Control Plan.

### II. PARTIES

2. Plaintiff ERIC SWARTZ is an individual who resides in Collin County, Texas.

3. Defendant TEXTRON GROUND SUPPORT EQUIPMENT INC. f/k/a TUG TECHNOLOGIES CORP. is a foreign corporation doing business in Texas for monetary profit from a fixed place of business located in Harris County, Texas. **This Defendant may be served by and through its registered agent for service of process at its registered office: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.**



Certified Document Number: 83926177 - Page 1 of 8

### III. JURISDICTION AND VENUE

4. Jurisdiction is appropriate in the District Courts of Harris County in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

5. The Court has personal jurisdiction over Defendant Textron Ground Support Equipment Inc. f/k/a Tug Technologies Corp. because the company has minimum contacts with Texas such that the maintenance of jurisdiction would not offend the traditional notions of fair play and substantial justice. Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.042, Plaintiff alleges that the Defendant purposefully availed itself of the privileges and benefits of conducting business in Texas and otherwise engaged in business in Texas by: (1) contracting by mail or otherwise with Texas residents to sell and deliver the defective Tug 660 Model Belt Loader which injured Plaintiff and the contract for sale and the delivery was performed in Texas, (2) committing a tort in Texas by selling the defective Tug 660 Model Mobile Belt Loader in an unreasonably dangerous condition in Texas, and/or (3) recruiting Texas residents, directly or through an intermediary located in Texas, for employment inside and outside of Texas. The Defendant's contacts specifically relate to Plaintiff's causes of action because the defective Tug 660 Model Belt Loader the Defendant designed, manufactured, marketed, and sold and otherwise purposefully directed to Texas was a producing cause of Plaintiff's injuries and damages. Also, the Defendant's contacts with Texas are continuous and systematic as the company sells, advertises, markets, transports, ships and/or repairs products in the Texas market on a regular basis, including the product that caused Plaintiff's injuries and damages, using Texas residents that it employs.

6. Venue is proper in Harris County, Texas because that is the county in which the Defendant's principal office in Texas is located. TEX. CIV. PRAC. & REM. CODE §15.002 (a)(3).

## IV. FACTS

7. This is a personal injury suit seeking to recover damages due Plaintiff because of an incident involving a Tug 660 Model Belt Loader that was designed, manufactured, marketed and sold by Defendant Textron Ground Support Equipment Inc. f/k/a Tug Technologies Corp.

8. Plaintiff alleges that belt loaders are motorized vehicles with conveyor belts for the purpose of unloading and loading of baggage and other cargo onto aircraft.

9. Plaintiff alleges that during operation, a belt loader is positioned at the door sill of an aircraft hold or baggage compartment, and a worker places baggage onto the conveyor belt to either load or unload the aircraft.

10. Plaintiff alleges that the belt loader is equipped with two collapsible safety handrails on either side of the conveyor belt that are held in place with metal pins to provide fall protection to workers using the belt loader.

11. Plaintiff alleges that on or about February 17, 2017, he was in the course and scope of his employment with American Airlines, Inc., for whom he has worked since January 4, 1984 as a bag agent.

12. Plaintiff alleges that it is his job to load and unload baggage onto and off of airplanes using a belt loader.

13. Plaintiff alleges on the date of the incident, he was using a Tug 660 Model Belt Loader to load baggage into the aft bulk of a 767 airplane which is approximately 10-12 feet off the ground.

14. Plaintiff alleges that after loading the aircraft, he was walking down the Tug 660 Model Belt Loader while holding the safety handrailing when the railing on the left side suddenly and without warning collapsed, causing him to fall off the belt loader and violently strike the ground.

15. Plaintiff alleges that the violent impact with the ground caused abrasions to his left knee and serious injury to his right ankle.

16. Plaintiff alleges that he was transported from the scene by ambulance to the emergency department at Medical City Las Colinas in Dallas, Texas, where a CT was performed that confirmed a fracture of the right calcaneous.

17. Plaintiff alleges that a subsequent investigation by his employer, American Airlines, Inc., revealed that a pin holding up the safety railing on the Tug 660 Model Belt Loader failed which caused the safety railing to collapse, leading to his fall and injuries.

18. Plaintiff alleges that he has had at least six surgeries to repair the injuries he sustained during the incident where he fell off the Tug 660 Model Belt Loader and he had been unable to work since the date of the incident.

19. Plaintiff alleges that he has been advised the he will suffer permanent disability from his ankle injury suffered in the incident with the Tug 660 Model Belt Loader.

### V. CAUSES OF ACTION
### PRODUCTS LIABILITY

20. Plaintiff adopts the facts alleged above by reference.

21. Plaintiff alleges that the Defendant, at the time of the occurrence in question, was engaged in the commercial business of designing, manufacturing, marketing and selling belt loaders, including the Tug 660 Model Belt Loader used by the Plaintiff. Plaintiff invokes the doctrine of strict liability as enunciated in § 402A of the Restatement (Second) of Torts and adopted by the Supreme Court of Texas.

22. Plaintiff alleges that the Defendant had a duty at the time of the design, manufacture, marketing and sale of the Tug 660 Model Belt Loader in question to design, manufacture, market and sell loaders in a responsible and safe way so as not to cause injury to Plaintiff or members of the general public.

Certified Document Number: 83926177 - Page 4 of 8

23. Plaintiff alleges that the Tug 660 Model Belt Loader, which the Defendant designed, manufactured, marketed and sold, was defective in its design at the time it left the Defendant's control because the loader exposes its users to an unreasonable risk of harm from falling when put to a reasonably anticipated and foreseeable use that outweighs the utility of the product, thus rendering the loader unreasonably dangerous and the Defendant strictly liable.

24. Pursuant to TEX. CIV. PRAC. & REM. CODE §82.005, Plaintiff alleges that the Tug 660 Model Belt Loader was defectively designed by the Defendant from a safety standpoint because a safer alternative design existed that in reasonable probability would have prevented or significantly reduced the risk of Plaintiff's personal injury without substantially impairing the loader's utility and the safer alternative design was economically and technologically feasible at the time the loader left the Defendant's control by the application of existing or reasonably achievable scientific knowledge.

25. Plaintiff alleges that the Tug 660 Model Belt Loader involved in his incident contained a deviation from its intended design that rendered the belt loader unreasonably dangerous.

26. Plaintiff alleges that the Tug 660 Model Belt Loader was unreasonably dangerous because the pin holding up the safety railing failed under circumstances of normal use when it should not have failed.

27. Plaintiff alleges that Tug 660 Model Belt Loader was defective when it left the Defendant's control and was in substantially the same condition at the time of his incident.

28. Plaintiff alleges that the Tug 660 Model Belt Loader was defective in its marketing at the time it left the Defendant's control.

29. Plaintiff alleges that there is a risk of a user falling that is inherent in the Tug 660 Model Belt Loader or that may arise from the loader's intended or reasonably anticipated use.

30. Plaintiff alleges that the Defendant had actual knowledge or foreseeability of the risk

Certified Document Number: 83926177 - Page 5 of 8

of a user falling posed by the Tug 660 Model Belt Loader at the time the loader was marketed and sold by the Defendant.

31. Plaintiff alleges that the absence of proper warnings or instructions for the Tug 660 Model Belt Loader rendered the loader unreasonably dangerous to Plaintiff.

32. Plaintiff alleges that the design, manufacturing and marketing defects in the Defendant's Tug 660 Model Belt Loader were a producing cause of his injuries and damages.

## NEGLIGENCE

33. Plaintiff adopts the facts alleged above by reference.

34. Plaintiff alleges that the Defendant committed acts of omission and commission, which collectively and severally, constituted negligence. Plaintiff alleges that the Defendant had a duty to exercise ordinary care to design, manufacture, market and sell a reasonably safe belt loader. Plaintiff alleges the Defendant breached its duty in one or more of the following ways:

   A. Failing to design and manufacture the Tug 660 Model Belt Loader so as to be reasonably safe to users;

   B. Failing to implement a safer design for the Tug 660 Model Belt Loader when the safer design could have been reasonably implemented and the risks to users could have been reasonably designed out of the belt loader;

   C. Failing to properly secure the safety railing on the Tug 660 Model Belt Loader;

   D. Failing to properly manufacture the Tug 660 Model Belt Loader so that it was free of manufacturing defects;

35. Plaintiff alleges that the Defendant's negligence was a proximate cause of Plaintiff's injuries and damages.

## VICARIOUS LIABILITY

36. Pursuant to Texas law, Plaintiff pleads a cause of action against the Defendant for vicarious liability. The allegations contained in all of the paragraphs of this petition are hereby

Certified Document Number: 83926177 - Page 6 of 8

reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as though set forth verbatim herein.

37. At all times relevant to the lawsuit, various agents, servants, officers and employees of the Defendant and were acting in the course and scope of their employment or authority as agents, servants, officers and employees of the Defendant.

38. Pursuant to the doctrine of *respondeat superior*, any negligence and/or gross negligence by these various agents, servants, officers and employees of the Defendant is imputed to the Defendant.

## VI. DAMAGES

39. As a producing cause and proximate result of the Defendant's conduct, Plaintiff was severely and permanently physically injured. Plaintiff is entitled to recover damages for his past and future medical bills, his past lost wages and future loss of earning capacity, his past and future pain and suffering, his mental anguish in the past and in the future, his past and future impairment and his past and future disfigurement.

## VII. GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

40. Plaintiff adopts by reference the facts alleged above.

41. Plaintiff alleges that the Defendant's conduct involved acts and/or omissions which, when viewed objectively from the Defendant's standpoint at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. The Defendant had actual, subjective awareness of the risk involved, but nevertheless preceded with conscious indifference to the rights, safety, and welfare of others. Accordingly, the Defendant's actions constitute gross negligence and Plaintiff is therefore entitled to an award of exemplary damages.

## VIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

42.     Plaintiff seeks pre- and post-judgment interest in the maximum amount allowed by law.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and that upon final trial, he recover judgment of and from the Defendant for his actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which he may show himself to be justly entitled. Pursuant to Texas Rule of Civil Procedure 47 (c), Plaintiff seeks monetary relief in an amount over $1 million, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement, if necessary.

Respectfully submitted,

**THE GOURRIER LAW FIRM, PLLC**

By: _/s/ Joseph M. Gourrier_
JOSEPH M. GOURRIER
Texas State Bar No. 24007258
530 Lovett Boulevard, Suite B
Houston, Texas 77006
joseph@gourrierlaw.com
Telephone: (713) 533-9077
Facsimile: (713) 533-9376

**ATTORNEY FOR PLAINTIFF**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 4, 2019

Certified Document Number:        83926177 Total Pages: 8

*Marilyn Burgess signature*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7018 2240 0001 3523 6001

CAUSE NO. 201911864

RECEIPT NO.                                    75.00        CTM
**********                                     TR # 73593633

PLAINTIFF: SWARTZ, ERIC                        In The    129th
     vs.                                       Judicial District Court
DEFENDANT: TEXTRON GROUND SUPPORT EQUIPMENT INC (F/K/A TUG    of Harris County, Texas
TECHNOLOGIES CORP)                             129TH DISTRICT COURT
                                               Houston, TX

CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: TEXTRON GROUND SUPPORT EQUIPMENT INC (F/K/A TUG TECHNOLOGIES CORP)
    (A FOREIGN CORPORATION) BY SERVING BY AND THROUGH ITS REGISTERED
    AGENT FOR SERVICE OF PROCESS AT ITS REGISTERED OFFICE
    CT CORPORATION SYSTEM

    1999  BRYAN STREET SUITE 900   DALLAS  TX  75201
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 15th day of February, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 18th day of February, 2019, under my hand and
seal of said Court.

Issued at request of:                          MARILYN BURGESS, District Clerk
GOURRIER, JOSEPH MICHAEL                       Harris County, Texas
530  LOVETT BOULEVARD, SUITE B                 201 Caroline, Houston, Texas 77002
HOUSTON, TX  77006                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 533-9077
Bar No.: 24007258                              Generated By: CUERO, NELSON  7MM//11162819

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

                                               ADDRESS

                                               Service was executed in accordance with Rule 106
(a) ADDRESSEE                                    (2) TRCP, upon the Defendant as evidenced by the
                                                 return receipt incorporated herein and attached
                                                 hereto at

                                               on _____ day of _____, _____
                                               by U.S. Postal delivery to _____

                                               This citation was not executed for the following
                                               reason: _____

                                               MARILYN BURGESS, District Clerk
                                               Harris County, TEXAS

                                               By _____, Deputy

*73593633*    EXHIBIT 2

Certified Document Number: 83967394 - Page 1 of 2

N.      T.CITM.P

7018 2290 0001 3523 6001

CAUSE NO. 201911864

| | | |
|---|---|---|
| | RECEIPT NO. | 75.00   CTM |
| | ********** | TR # 73593633 |

PLAINTIFF: SWARTZ, ERIC
vs.
DEFENDANT: TEXTRON GROUND SUPPORT EQUIPMENT INC (F/K/A TUG TECHNOLOGIES CORP)

In The  129th
Judicial District Court
of Harris County, Texas
129TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: TEXTRON GROUND SUPPORT EQUIPMENT INC (F/K/A TUG TECHNOLOGIES CORP)
(A FOREIGN CORPORATION) BY SERVING BY AND THROUGH ITS REGISTERED
AGENT FOR SERVICE OF PROCESS AT ITS REGISTERED OFFICE
CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900   DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 15th day of February, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 18th day of February, 2019, under my hand and seal of said Court.

Issued at request of:
GOURRIER, JOSEPH MICHAEL
530 LOVETT BOULEVARD, SUITE B
HOUSTON, TX 77006
Tel: (713) 533-9077
Bar No.: 24007258

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON  7MM//11162819

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

(a) ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106 (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P

*73593633*



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 4, 2019

Certified Document Number:        83967394 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2019-11864



02-18-19



RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Certified Document Number: 84102300 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 4, 2019

Certified Document Number:        84102300 Total Pages: 1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Harris County Docket Sheet

# 2019-11864

**COURT:** 129th
**FILED DATE:** 2/15/2019
**CASE TYPE:** Product Liability - Other



### SWARTZ, ERIC
Attorney: GOURRIER, JOSEPH MICHAEL

### vs.

### TEXTRON GROUND SUPPORT EQUIPMENT INC (F/K/A TUG TECHNOLOGIES CORP)

| Date | Comment |
|---|---|



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC SWARTZ | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| TEXTRON GROUND SUPPORT | § | |
| EQUIPMENT INC. f/k/a TUG | § | |
| TECHNOLOGIES CORP. | § | |
|     Defendant. | § | |

## LIST OF COUNSEL OF RECORD

**Counsel for Plaintiff**:
Joseph M. Gourrier
SBN: 24007258
The Gourrier Law Firm, PLLC
530 Lovett Blvd., Suite B
Houston, Texas 77006
(713) 533-9077 Phone
(713) 533-9376 Fax
joseph@gourrierlaw.com

**Counsel for Defendant:**
J. Michael Colpoys – Attorney in Charge
State Bar No. 04626550
Southern District Bar No. 2170
mcolpoys@canteyhanger.com
Stephanie L. Merithew Millett
State Bar No. 00797070
Southern District Bar No. 34819
smillett@canteyhanger.com
Cantey Hanger, LLP
1999 Bryan St., Suite 3300
Dallas, Texas 75201
(214) 978-4100 - phone
(214) 978-4150 - fax

LIST OF COUNSEL OF RECORD



1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC SWARTZ | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-00889 |
| TEXTRON GROUND SUPPORT EQUIPMENT INC. f/k/a TUG TECHNOLOGIES CORP. | § § § § | |
| Defendant. | § | |

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared Ann Willaman, who under oath stated as follows:

1. My name is Ann Willaman. I am over eighteen years of age. I am of sound mind, and I am legally competent to make this Affidavit. I am employed by Textron Inc., and I am Assistant Secretary for Textron Inc. Based upon my work for Textron Inc., I have personal knowledge of the facts stated within this Affidavit, and the facts stated within this Affidavit are true and correct.

2. Plaintiffs' Original Petition in the civil action styled *Eric Swartz v. Textron Ground Support Equipment Inc. f/n/a Tug Technologies Corp.*, filed in the 129th Judicial District Court at Harris County, Texas, under Cause No. 2019-11864 was served on Textron Ground Support Equipment Inc. through its registered agent for service of process on February 21, 2019.

3. Textron Ground Support Equipment Inc. is a Delaware Corporation and is a wholly owned subsidiary of Textron Specialized Vehicles Inc. a Delaware Corporation. Textron Specialized Vehicles Inc. is a wholly owned subsidiary of Textron Inc., also a Delaware Corporation.

4. Textron Ground Support Equipment Inc.'s principal place of business is in Kennesaw, Georgia.

Ann Willaman
Assistant Secretary Textron Inc.



**Affidavit**   Page 1

SUBSCRIBED AND SWORN TO BEFORE ME this _8th_ day of March, 2019.

_____
Notary Public in and for the
State of RHODE ISLAND

My Commission Expires:

December 29, 2021

Elizabeth N. Ortiz
Notary Public
My Commission Expires:
12/29/2021