IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC SWARTZ, § | | |
| *Plaintiff* § | | |
| § | | |
| VS. § | | CASE NO. 4:19-CV-00540-P |
| § | | |
| TEXTRON GROUND SUPPORT § | | |
| EQUIPMENT INC. f/k/a TUG § | | |
| TECHNOLOGIES CORP., § | | |
| *Defendant* § | | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT TEXTRON GROUND SUPPORT EQUIPMENT'S MOTION TO DISMISS**

Plaintiff, Eric Swartz, ("Plaintiff") files this Response to Defendant Textron Ground Support Equipment's ("Textron or TGSE") Motion to Dismiss for Failure to State a Claim (Doc. 25) and in opposition to said motion, would show that his claims are not barred by the applicable Georgia statute of repose.

**I.   SUMMARY OF RESPONSE**

1.   In opposition to the Defendant's motion to dismiss under the Texas statute of repose, Plaintiff in this product liability case submits that a conflict exists with the Georgia statute of repose such that the Court must conduct a choice of law analysis. Plaintiff submits that the choice of law factors strongly favor the application of the Georgia statute of repose in this case where the defective product was designed, manufactured, marketed and introduced into the stream of commerce in Georgia by a corporation with its principal place of business in Georgia. Under the applicable Georgia statute of repose, OCGA §51-1-11 (c), Plaintiff's claims based on the Defendant's negligent failure to warn are not barred. Alternatively, Plaintiff submits that the Court lacks personal jurisdiction over Defendant Textron and this lawsuit should be dismissed without prejudice so the claims may be refiled in Georgia.

1

## II. ARGUMENTS AND AUTHORITIES

2. Under Texas choice-of-law principles, the determination of which state's law governs an issue is a question of law for the court to decide.[1] *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 204 (Tex. 2000). When presented with a choice-of-law question, Texas courts first determine whether there is a conflict of law. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984). If no conflict between the rules exists, then a choice-of-law analysis is unnecessary. *Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002). Here, substantive conflicts between the Texas and Georgia statutes of repose require a choice of law decision.

### A. A Substantive Conflict Exists Between the Texas and Georgia Statutes of Repose.

3. There is a conflict between the Texas statute of repose urged by the Defendant and the Georgia statute of repose Plaintiff alleges applies in this case. According to the Defendant, all product liability claims against a manufacturer, whether based on strict liability, negligence, or warranty, are barred fifteen (15) years after the first sale of the product by TEX. CIV. PRAC. & REM. CODE §16.012 (b). Thus, all of Plaintiff's claims would be barred by the Texas statute of repose and subject to dismissal since the first sale of the belt loader at issue in this lawsuit occurred over 37 years before the lawsuit was filed.

4. While the Georgia statute of repose also provides for a bar against liability claims brought more than ten (10) years after the first sale of a product, exceptions to the statutory bar exist. The Georgia statute of repose is found at OCGA § 51-1-11 and states in relevant parts:

> (b) (2) No action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury.

---

[1] Plaintiff does not dispute Defendant Textron's summary of the relevant facts, except to deny Textron's statement that it did not manufacture the Tug 660 Model Belt loader after 1985. Defendant Textron still sells this model belt loader today. *See, Defendant Textron GSE's website* at https://textrongse.txtsv.com/vehicles/660, retrieved on November 28, 2019.

2

(c) The limitation of paragraph (2) of subsection (b) of this Code section regarding bringing an action within ten years from the date of the first sale for use or consumption of personal property shall also apply to the commencement of an action claiming negligence of a manufacturer as the basis of liability, except an action seeking to recover from a manufacturer for injuries or damages arising out of the negligence of such manufacturer in manufacturing products which cause a disease or birth defect, or arising out of conduct which manifests a willful, reckless, or wanton disregard for life or property. Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer.

*See, OCGA §51-1-11*, attached as **Exhibit A**.

5. The Georgia Supreme Court construed §51-1-11 in *Chrysler Corp. v. Batten*, 264 Ga. 723, 450 S.E.2d 208 (1994) and explained the exceptions to the Georgia statute of repose:

> **Subsection (c)[1] extends the ten-year statute of repose to negligence actions, but differs from subsection (b) (2) by providing for two exceptions to the statute of repose, i.e., where the manufacturer's negligence resulted in a product causing disease or birth defect, or where the injuries or damages arose out of conduct manifesting a "willful, reckless, or wanton disregard for life or property**.*" See Love, supra*. Where either of these exceptions applies, a plaintiff is authorized to maintain his or her cause of action based on the sale of a defective product notwithstanding the fact that the action is initiated more than ten years from "the date of the first sale." OCGA § 51-1-11 (c). (emphasis added)

*Id*. at 725-26.

6. The Georgia Supreme Court then held that negligent failure to warn claims are expressly excluded from the Georgia statute of repose:

> 4. We now address application of the statute of repose to the failure-to-warn claim. All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law, including decisions of the courts. *Leonard v. Benjamin*, 253 Ga. 718, 719 (324 SE2d 185) (1985). With this presumption in mind, we consider the final sentence in OCGA § 51-1-11 (c):
>
> Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer.
>
> **With this language the legislature carefully excluded failure-to-warn causes of action from the statute of repose, thereby applying the statute only to those causes of action arising out of the sale of the defective product**. That "[n]othing" relieves a manufacturer from the duty to warn reflects the legislature's recognition

3

of the possibility that this duty may not emerge until long after the statute of repose has extinguished any cause of action arising out of the product's sale; that the duty to warn arises "once th[e] danger becomes known" reflects the existing case law with its actual or constructive knowledge standard.

Contrary to the dissent's position, the exclusion set forth in the final sentence is not an exception which affects the running of the statute of repose on sale-of-defective-products causes of action. **Rather, the exclusion places failure-to-warn causes of action outside the ambit of the statute of repose, thereby precluding use of the statute to relieve manufacturers of their liability for failing to warn of a danger arising from the use of a product whenever that danger becomes known to the manufacturers.** (emphasis added)

*Id*. at 727.

**B.     The "Most Significant Relationship" Test**

7.     After identifying the pertinent conflicts between each state's laws, Texas courts apply the two-tiered analysis of the "most significant relationship" test to decide which state's law applies. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979); *see also* Restatement (Second) of Conflict of Laws §§ 6, 145 (1971). In tort cases, courts must look to four case-specific factors when determining which state has the most significant relationship to the case. Those four factors are found in Restatement Section 145: (1) the place where the injury occurred; (2) the place where the conduct causing the injured occurred; (3) the domicile, residence, nationality, place of incorporation or place of business of the parties; and, (4) the place where the relationship between the parties is centered. *See Hughes*, 18 S.W.3d at 205 (*citing* Restatement (Second) of Conflict of Laws § 145 (1971)).

8.     While the analysis set forth in Section 145 is given great weight, these factors are not necessarily determinative. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex.2000). Courts must then "evaluate the contacts in light of the state policies underlying the particular substantive issue." *Id*. This second, more general policy tier of the test involves an inquiry into whether Georgia policy outweighs Texas policy based on the factors laid out in Restatement

Section 6: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability and uniformity of the result; and (7) ease in the determination and application of the law to be applied. *See* Restatement § 6; *Gutierrez*, 583 S.W.2d at 318–19. In tort cases courts typically focus on the competing interests of the interested states along with the policies underlying the field of law. *See Brinkley & West, Inc. v. Foremost Ins. Co.*, 499 F.2d 928, 933 (5th Cir. 1974) (citing Restatement (Second) of Conflicts of Law § 6 (1971)). The other factors are of less importance. *Id.*

**(1) The Place Where the Injury Occurred: Texas.**

9. While the incident involving the Plaintiff occurred in Texas, the significance of the location where the injury occurred is diminished in cases involving product liability claims. *See, McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 426 (5th Cir. 2001). When additional considerations favor one state or the other, as in this case, the place of injury is no longer the controlling factor. *Trailways Inc. v. Clark,* 794 S.W.2d 479, 485 (Tex. App.—Corpus Christi 1990, writ den.).

**(2) The Place Where the Conduct Causing the Injury Occurred: Georgia.**

10. Plaintiff's lawsuit is based not on any actions taken by the Defendant in Texas, rather, the lawsuit alleges negligent conduct by the Defendant in Georgia. Georgia has the most significant relationship related to these allegations and the Georgia statute of repose should apply. *See, Norwood v. Raytheon Co.*, 237 F.R.D. 581, 595 (W.D. Tex. 2006) ("In a products liability case alleging defective design, courts generally consider the place where the conduct causing the injury occurred to be the place where the product was designed and manufactured.").

11.     Further, any interests Texas may have in regulating products used within its borders is not frustrated by application of the Georgia statute of repose in this case. Considering the underlying policy considerations of each state, Georgia has a greater interest in having its statute of repose applied to a case involving a Georgia company that designed, manufactured, marketed and placed into the stream of commerce a product in Georgia that later caused injury in Texas, particularly when the Defendant continues to manufacture the Tug 660 belt loader in Georgia and is under a continuing duty under Georgia law to warn of defects in the product. *See, Defendant Textron GSE's website* at https://textrongse.txtsv.com/vehicles/660, retrieved on November 28, 2019.

12.     This result aligns with two of the basic policies underlying the field of tort law: deterrence of tortious conduct and compensation for injured victims. *See, Restatement* § 145 cmt. b. The incident may have occurred in Texas, but the *wrongful acts* Plaintiff is alleging caused his incident occurred in Georgia.  Thus, the place of the injury causing conduct heavily favors Georgia.

### (3) The Domicile, Residence, Nationality, Place of Incorporation and Place of Business of the Parties: Georgia.

13.     When analyzing the domicile, residence, and place of business of the parties, these factors decisively point to Georgia. Defendant Textron is domiciled and resides in Georgia. *See, Affidavit of Mark DiMaria*, attached as **Exhibit B.** Although it is incorporated under Delaware law, Defendant Textron has its headquarters and principal place of business in Kennesaw, Georgia. *Id*. at ¶5. The decision-makers for Defendant Textron are located in Kennesaw, Georgia and management "directs, controls and coordinates its business activities" from there. *Id*. No activities related to the design and manufacture of belt loaders by Defendant Textron are conducted in Texas. *Id*. at ¶6. Although Defendant Textron has 9 employees in Texas, none of them are involved in the design, manufacture or sale of belt loaders. *Id*.

14. Plaintiff, a Texas resident, filed suit in Texas against a Georgia corporation for a product designed, manufactured, marketed and introduced into the stream of commerce from Georgia and alleged that the Georgia statute of repose applies in this case.

15. The state where a company has its principal place of business has a reasonable relationship to the parties and the transaction. *Chase Manhattan Bank, N.A. v. Greenbriar N. Section II*, 835 S.W.2d 720, 725 (Tex.App.—Houston [1st Dist.] 1992, no writ). Thus, the residences, places of incorporation and place of business of the parties heavily favor Georgia over Texas.

**(4) Place where the relationship between the parties is centered: Georgia.**

16. Plaintiff submits that the Court lacks personal jurisdiction over Defendant Textron because it does not have minimum contacts with Texas and this case should be dismissed without prejudice for lack of personal jurisdiction.

17. <u>As set forth in Defendant's motion to dismiss, Defendant Textron sold the subject Tug 660 belt loader to Air California in 1985 and shipped it F.O.B. from Atlanta, Georgia to San Jose, California.</u>[2] *See*, **Defendant's Exhibit 2** at **APPX 033**. Delivery of a product in a seller's state indicates insufficient contacts with buyer's state. *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1136 (5th Cir. 1987) citing *Growden v. Ed Bowlin & Assoc.*, 733 F.2d 1149, 1151-52 (5th Cir.1984). Therefore, Defendant Textron's F.O.B. delivery of the subject belt loader to Air California in Atlanta, Georgia implicates Georgia and does not establish any contacts with either California or Texas. Thus, the place where the relationship of the parties is centered favors Georgia over Texas.

---

[2] The subject belt loader was used by Air California until the company merged with American Airlines in 1987, and was apparently then shipped by American Airlines to Texas where it was used in American Airlines' operations at DFW Airport until the time of Plaintiff's incident in the course and scope of his employment in 2017.

7

18. Although Plaintiff's amended complaint alleged minimum contacts with Texas sufficient to satisfy jurisdictional requirements, discovery in this case has revealed that the underlying sales transaction for the subject Tug 660 belt loader did not involve any Texas contacts and the Court's exercise of jurisdiction would violate due process and maintaining the suit in Texas would offend traditional notions of fair play and substantial justice. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Johnston v. Multidata Sys. Int'l*, 523 F.3d 602, 609 (5th Cir. 2008).

19. In its answer, Defendant Textron denied that it conducts business here in Texas by contracting with Texas residents by mail or otherwise and either party is to perform the contract in Texas and denied committing a tort in whole or in part in Texas by sending defective products to Texas. *See, Defendant TGSE's Original Answer*, (Doc. 20) at ¶5. As such, Defendant Textron does not have minimum contacts with Texas and the Court lacks personal jurisdiction over TGSE.

20. Indeed, on June 18, 2018, Defendant Textron filed a motion to dismiss for lack of personal jurisdiction in another lawsuit involving a Tug 660 belt loader that was pending in the Southern District of Texas. *See, Defendant Textron GSE Motion to Dismiss for Lack of Personal Jurisdiction*, attached as **Exhibit C**. The plaintiff is the above-referenced lawsuit subsequently filed a notice of non-suit and an order was signed dismissing the case without prejudice.[3] *See, Order dismissing case without prejudice*, attached as **Exhibit D**.

21. Defendant Textron has not raised personal jurisdiction with this Court because it is seeking to take unfair advantage of the Texas statute of repose, but Plaintiff submits that it is appropriate for the Court to consider the issue. *See System Pipe & Sup. V. M/V Viktor Kurnatovsky*,

---

[3] On November 26, 2019, Plaintiff's counsel sent an email to Defendant Textron's counsel to determine if it would oppose a dismissal without prejudice in this case but received no response.

8

242 F.3d 322, 324 (5th Cir. 2001) (court may raise the issue of personal jurisdiction on its own initiative even if not raised by the defendant).

## C. Georgia Has the Greatest Interest in Applying Its Statute of Repose to This Case Product Under the §6 Analysis.

22. The case-specific factors discussed above overwhelmingly favor application of the Georgia statute of repose. Texas courts analyze the relevant policy factors with these case-specific contacts in mind. *See Torrington Co.*, 46 S.W.3d at 848. In tort cases the first, fourth, and sixth factors from Section 6 are of minimal importance. *See Brinkley & West, Inc. v. Foremost Ins. Co.,* 499 F.2d 928, 933, n.15 (5th Cir. 1974)(citing Restatement (Second) of Conflicts of Law § 6 (1971)). Instead, courts typically weigh the competing policy interests of the two states at issue and analyze the general policies underlying the particular field of law. *See id.*. Here, Georgia has a greater policy interest than Texas in applying its statute of repose to this case.

23. In *Chrysler Corp. v. Batten*, 264 Ga. 723, 725 450 S.E.2d 208, 211 (Ga. 1994), the Georgia Supreme Court discussed the policy interests behind the Georgia statute of repose:

> The ten-year statute of repose was enacted in order to address problems generated by the open-ended liability of manufacturers so as to eliminate stale claims and stabilize products liability underwriting. *Love v. Whirlpool Corp*., 264 Ga. 701 (1) (___ SE2d ___) (1994). Hence, strict liability actions filed more than ten years after the "date of the first sale for use or consumption of" the product are completely barred. OCGA § 51-1-11 (b) (2); *Hatcher v. Allied Products Corp*., 256 Ga. 100 (1) (344 SE2d 418) (1986).

24. Thus, the Georgia Legislature made the policy decision to enact a ten-year statute of repose to eliminate stale claims and to stabilize products liability underwriting for companies operating in Georgia, like Defendant Textron, but then provided an exemption for certain types of claims.

25. The purpose of the Texas fifteen-year statute of repose is to protect "manufacturers and sellers from stale claims." *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co*., 419 F.3d

355, 361 (5th Cir. 2005). Texas' policy interests reflected in its statute of repose are not implicated here because: (1) Defendant Textron does not have business operations in the state of Texas, (2) the subject belt loader was not designed, manufactured or marketed in Texas, and (3) the subject belt loader was entered the stream of commerce in Georgia not Texas. Since Texas has no legitimate economic interest in protecting out-of-state corporations not doing business in the state from stale claims and did not express an interest in stabilizing products liability underwriting, the Georgia statute of repose is more appropriate in this case for a company operating in Georgia.

26. At least one federal court has discussed the exceptions in the Georgia statute of repose, §51-1-11 (c) in relation to Defendant Textron, although it did not allow the negligent failure to warn claim to proceed against Textron because there was no evidence Textron (or its predecessor) manufactured or sold the product at issue in the case. *See Silver v. Bad Boy Enterprises, LLC*, 907 F. Supp. 2d 1351, 1357-58 (M.D. Ga. 2012), stating:

> Under Georgia law, "the manufacturer of a product which, to its actual or constructive knowledge, involves danger to users, has a duty to give warning of such danger." *Chrysler Corp. v. Batten*, 264 Ga. 723, 724, 450 S.E.2d 208, 211 (1994) (emphasis added) (internal quotation marks omitted). "In failure to warn cases, the duty to warn arises whenever the manufacturer knows or reasonably should know of the danger arising from the use of its product." Id. (emphasis added). **This duty is "a continuing duty upon manufacturers to warn of a danger arising from a product after its sale or distribution."** *Reese*, **300 Ga.App. at 85, 684 S.E.2d at 284 (emphasis added). "A negligent failure to warn claim may arise `from a manufacturer's post-sale knowledge acquired months, years, or even decades after the date of the first sale of the product.'"** *Hunter v. Werner Co.*, **258 Ga.App. 379, 383, 574 S.E.2d 426, 431 (2002) (quoting *Batten*, 264 Ga. at 724, 450 S.E.2d at 211).** (emphasis added)

27. Georgia absolutely has an interest in seeing its statute of repose applied to a product designed, manufactured, marketed and sold under Georgia law—particularly when the Defendant is headquartered in Georgia and has justifiably molded its conduct to conform to the requirements of Georgia law which establish that it has a continuing duty to warn regarding its products.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant's Motion to Dismiss for Failure to State a Claim be denied and for such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

By: /s/ *Joseph M. Gourrier*                .
Joseph M. Gourrier – Attorney in Charge
Texas State Bar No. 24007258
*\*\*\*Not admitted to Northern District of Texas, pro hac vice application pending\*\*\**
THE GOURRIER LAW FIRM, PLLC
530 Lovett Boulevard, Suite B
Houston, Texas 77006
joseph@gourrierlaw.com
Telephone: (713) 533-9077
Facsimile: (713) 533-9376

AND

Tanja K. Martini
SBN 24032581
THE MARTINI LAW FIRM, PC
2608 Hibernia St., Ste. 210
Dallas, Texas 75204
214.753.4757 – T
888.248.1734 – F
tanja@themartinilawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure via U.S. Mail, certified, return receipt requested, e-mail, CM/ECF and/or facsimile, on this 29th day of November, 2019.

J. Michael Colpoys – Attorney in Charge
mcolpoys@canteyhanger.com
Stephanie L. Millett
smillett@canteyhanger.com
Cantey Hanger, LLP
1999 Bryan St., Suite 3300
Dallas, Texas 75201
(214) 978-4100 - phone
(214) 978-4150 – fax
**Attorneys for Defendant
Textron Ground Support Equipment Inc.**

　　　　　　　　　　　　　　　　　　　　　/s/ *Joseph M. Gourrier*              .
　　　　　　　　　　　　　　　　　　　　　Joseph M. Gourrier